Dear Registrar Perry:
Our office is in receipt of your request for an Attorney General's opinion regarding the special election to fill the vacancy in the Monroe City Court, Division C, due to the resignation of Judge Bernhardt. Specifically, you have requested an opinion as to who is eligible to vote in the election, registered voters from Wards 3, 10 and/or 4.
The term of office for Division C of the Monroe City Court does not expire until December 31, 1996. LSA-R.S. 18:621 requires a special election to be held to fill the vacancy in the office of judge if more than twelve months of the term remain unexpired.
We have opined in the past that a special "[e]lection should be held under the old districting plan in the same district as that of the electorate who elected the incumbent to the seat that is now vacant." (Atty. Gen. Op. Nos. 82-1121, 85-424). It was our conclusion that a reapportionment plan that is precleared during a term of office is prospective and can not be used in a special election, but only in the election for the new term of office. While we still uphold these opinions, we reach a slightly different opinion today due to the unusual circumstances in this matter.
The Monroe City Court consisted of one (1) judge in 1964, which predated the Voting Rights Act and therefore, was not subject to Section 5 preclearance. The legislature made several attempts to increase the court to three (3) judges in Act 393 of 1977, Act 8 of 1990, Act 728 of 1990, Act 682 of 1992, and Act 644 of 1993. It was not until Act 644 of 1993 was precleared on August 31, 1993 that the additional two (2) judges of the Monroe City Court, and their judicial districts were precleared under Section 5 of the Voting Rights Act. Therefore, prior to August 31, 1993, the election districts from where the judges in Divisions B and C of the Monroe City Court were elected were not enforceable because they were not precleared under Section 5 of the Voting Rights Act.
Therefore, our office is precluded from opining as we have in the past that a special election should be held under the old districting plan in the same district as that of the electorate who elected the incumbent to the seat that is now vacant. If we were to do so, we would suggest that the registrar's office use the districts that were not precleared, nor enforceable.
In conclusion, due to the unusual circumstances in this matter, we opine that the registrar's office implement the districting plan in Act 644 of 1993 and conduct the special election for Division C of the Monroe City Court from the qualified electors of the election district composed of Ward 3. Additionally, Act644 of 1993 provides that candidates for such an election need not be residents of the election districts from which they seek election, but they must be qualified electors of the territorial jurisdiction of the court.
We hope that this opinion adequately addresses all of your concerns, and if we can be of further assistance in this matter, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: ANGIE ROGERS LaPLACE Assistant Attorney General RPI/ARL:pb/0262s xc: Charles Hamaker Secretary of State's Office Election Division